An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO: J.S.S.,

No. 63140

JAIRED A.,
Appellant,
vs.
MELINDA C.,
Respondent.

FILED

NOV 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
    DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order terminating appellant's parental rights as to the minor child. Eighth Judicial District Court, Clark County; Mathew Harter, Judge.

On appeal, appellant asserts that his due process rights were violated because his counsel was ineffective. Appellant contends that his counsel's errors affected the outcome of the parental termination proceeding.

A party may only bring an ineffective-assistance-of-counsel claim if the party has a constitutional right to counsel. *In re Parental Rights as to N.D.O.*, 121 Nev. 379, 384, 115 P.3d 223, 226 (2005). As we explained in *Parental Rights as to N.D.O.*, no absolute right to counsel exists in parental rights termination proceedings, and instead, this court must consider whether due process demands the appointment of counsel on a case-by-case basis. 121 Nev. at 382-83, 115 P.3d at 225. Appointment of counsel may be warranted when the case is complex or involves expert testimony such that without counsel there is a risk of an erroneous decision, or when a parent is otherwise unable to represent himself or herself. *Id.* at 383-84, 386, 115 P.3d at 226-227. Here, the

parental rights termination case was not complex, as the case involved consideration of appellant's contacts with the child and payment of support and whether termination was in the child's best interest. Appellant did not argue that expert testimony was necessary in this matter. Appellant does not point to any reason why he would have been unable to represent himself, and he does not point to any risk of an erroneous decision without counsel. Thus, because appellant was not constitutionally entitled to counsel, his ineffective-assistance-of-counsel claim fails. *Id.* at 386, 115 P.3d at 227. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Mathew Harter, District Judge
Alan J. Buttell & Associates
Rocheleau Law Group/Right Lawyers
Eighth District Court Clerk